PW:CP
F. #2007R00970/OCDETF #NY-NYE 0421

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

SERGIO RAMIREZ,
    also known as "Pechuga" and
    "Riascos,"
HERNAN FELIPE RAMIREZ GARCIA,
    also known as "Felipe
Ramirez," "Jimmy," "Bayron" and
"Efrain,"
HECTOR FABIO GIRALDO,
    also known as "Don Adolfo,"
    and
GUILLERMO VALENCIA ZULUAGA, also
    known as "Lobo,"

              Defendants.

- - - - - - - - - - - - - - - - - X

I N D I C T M E N T

CR. 07     653

(T. 21, U.S.C., §§ 853, 959(c), 960(a)(1), 960(a)(3), 960(b)(1)(B)(ii) and 963; T. 18, U.S.C., §§ 982, 1956(h) and 3551 et seq.)

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Conspiracy to Import Cocaine)

1. On or about and between January 1, 1995 and August 14, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SERGIO RAMIREZ, also known as "Pechuga" and "Riascos," HERNAN FELIPE RAMIREZ GARCIA, also known as "Felipe Ramirez," "Jimmy," "Bayron" and "Efrain," HECTOR FABIO GIRALDO, also known as "Don Adolfo," and GUILLERMO VALENCIA ZULUAGA, also known as "Lobo," together with others, did knowingly and intentionally conspire to import a controlled substance into the

United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3551 et seq.)

COUNT TWO
(International Distribution Conspiracy)

2.   On or about and between January 1, 1995 and August 14, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SERGIO RAMIREZ, also known as "Pechuga" and "Riascos," HERNAN FELIPE RAMIREZ GARCIA, also known as "Felipe Ramirez," "Jimmy," "Bayron" and "Efrain," HECTOR FABIO GIRALDO, also known as "Don Adolfo," and GUILLERMO VALENCIA ZULUAGA, also known as "Lobo," together with others, did knowingly and intentionally conspire to distribute a controlled substance, intending and knowing that such substance would be imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
(Conspiracy to Launder Money)

3. On or about and between January 1, 1995 and August 14, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SERGIO RAMIREZ, also known as "Pechuga" and "Riascos," HERNAN FELIPE RAMIREZ GARCIA, also known as "Felipe Ramirez," "Jimmy," "Bayron" and "Efrain," HECTOR FABIO GIRALDO, also known as "Don Adolfo," and GUILLERMO VALENCIA ZULUAGA, also known as "Lobo," together with others, did knowingly and intentionally conspire to conduct financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 960(a)(1), knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO
## COUNTS ONE AND TWO

4.  The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of any such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds the defendants obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, including but not limited to, the following:

Money Judgment

A sum of money equal to $1 billion in United States currency.

5.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT THREE

6. The United States hereby gives notice to the defendants charged in Count Three that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in such offense of conviction in violation of Title 18, United States Code, Section 1956(h), and all property traceable to such property as a result of the defendants' conviction of such offense, including but not limited to, the following:

Money Judgment

A sum of money equal to $1 billion in United States currency.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Section 982)

                  A TRUE BILL

                   *[signature]*
                   FOREPERSON

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

# INFORMATION SHEET

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

USAO# 2007R00970

1. Title of Case: United States v. SERGIO RAMIREZ, also known as "Pechuga" and "Riascos," HERNAN FELIPE RAMIREZ GARCIA, also known as "Felipe Ramirez," "Jimmy," "Bayron" and "Efrain," HECTOR FABIO GIRALDO, also known as "Don Adolfo," and GUILLERMO VALENCIA ZULUAGA, also known as "Lobo,"

2. Related Magistrate Docket Number(s)

   None (x)

3. Arrest Date: N/A

4. Nature of offense(s):  X   Felony
   ☐   Misdemeanor

5. Related Civil or Criminal Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules): U.S. v. Juan Carlos Ramirez-Abidia, also known as "Chupeta," 04-CR-1064 (SLT)

6. Projected Length of Trial:   Less than 6 weeks   (X)
                                More than 6 weeks   ( )

7. County in which crime was allegedly committed: Queens, New York
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment been ordered sealed?   (X) Yes  ( ) No

9. Have arrest warrants been ordered?   (X) Yes  ( ) No

10. Is a capital count included in the indictment?   ( ) Yes  (X) No

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

By: Carolyn Pokorny
Assistant U.S. Attorney
(718) 254-6291